**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **CARLOS JOSEPH DAVILA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Crim. No. 1:98cr208** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**<u>MEMORANDUM OPINION</u>**

Petitioner Carlos Joseph Davila ("Davila") invokes here Rule 60(b), Fed. R. Civ. P., and the All Writs Act,[1] specifically the writs of *coram nobis* and *audita querela*[2]–all for the purpose of altering the Statement of Facts to which he voluntarily stipulated under oath as part of his plea agreement and plea colloquy. In particular, he seeks to change the date his participation in a drug conspiracy ended from April 1997 to February 1997. In support of his motion, Davila claims that (i) his participation in the drug conspiracy could not have extended to April 1997 because he was arrested and held in custody from February 1997 until well after April 1997; and (ii) the Statements of Fact of two co-conspirators reflect that the participation of these co-conspirators in the conspiracy ended in February 1997. Accordingly, the question presented is whether Davila's claims are sufficient, under either Rule 60(b) or the All Writs Act, to warrant ordering the changes to the stipulated facts Davila seeks.

---

[1] Codified as 28 U.S.C. § 1651

[2] For a brief description of the nature and function of these writs, see *Hanan v. United States*, – F.Supp.2d – (E.D. Va. 2005).

Davila has an extensive criminal history, some of which is relevant to the pending motion.  On June 7, 1996, Davila was arrested for unlawful possession of a controlled substance. On August 30, 1996, Davila was sentenced to two years in prison with all but three months suspended, as well as two years probation.  Davila was released from prison on September 5, 1996.  According to the presentence report, Davila was sentenced on March 3, 1997 for an April 30, 1993 incident.  Although the record is not clear in this regard, it appears that Davila was briefly in custody prior to March 3, 1997, at which time he received a suspended sentence, plus an additional five years of probation.  No other arrests relevant to the pending motion appear in the presentence report until Davila was arrested in connection with the offense for which he is currently incarcerated.

On January 23, 1998 Davila was arrested by authorities and made his initial appearance in federal court.  On May 28, 1998, Davila pled guilty to participating in a conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846.  In connection with his plea, he stipulated under oath that the Statement of Facts he signed as part of his plea agreement was true and accurate in all respects.  The defendant's Statement of Facts states, *inter alia*, that Davila conspired together "with others known and unknown" (i) to distribute fifty grams or more of crack cocaine and (ii) to purchase 3.5 grams of crack cocaine two times per week from Donald Nappa, a co-conspirator, and (iii) that he participated in this conspiracy from November 1996 until April 1997.

More than seven years later, Davila now seeks to revise this Statement of Facts, alleging that it contains a factual error with respect to when his participation in the drug conspiracy ended. The arguments Davila adduces in support of his claim are unpersuasive.  The record does not support Davila's assertion that he was incarcerated between February and April 1997.  Even

2

assuming Davila is correct in his assertion that he was in custody briefly prior to being sentenced on March 3, 1997, this does not compel the conclusion that his participation in the conspiracy must have ended in February.  To the contrary, Davila's entire ten-year sentence he received on March 3, 1997 was suspended; he remained a free man well beyond April 1997.  Accordingly, Davila's claim that he could not have participated in the conspiracy at issue beyond February 1997 on account of his incarceration is unpersuasive.

Even assuming *arguendo* that Davila is correct in his assertion that the Statements of Fact stipulated separately by two co-conspirators, Amin Bouchelaghem and Chris Jackmon, suggest that their involvement in the conspiracy ended in February 1997, this does not demonstrate that Davila's participation necessarily ended in February 1997.  The conspiracy at issue involved more than 75 persons, and it is uncontested that this conspiracy included persons unknown to Davila.  Because Davila's participation in the conspiracy did not rely solely on either Bouchelaghem's or Jackmon's participation, the contents of their Statements of Fact are immaterial to when Davila's participation in the conspiracy ended.

Quite apart from Davila's lack of evidence for revisiting the Statement of Facts, Davila is legally barred from now contesting those facts to which he freely and voluntarily stipulated under oath.  As the Fourth Circuit has stated:

> Because a stipulation induces the government not to offer evidence to prove the facts involved in the stipulation, a defendant may not argue at trial or on appeal that the stipulation is insufficient to prove beyond a reasonable doubt the facts or elements to which he has stipulated.  A defendant is not allowed to produce evidence to contradict or challenge the existence of facts to which he has validly stipulated.  *United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996)

Even were this Court to apply the slightly more permissive standard other circuits have

adopted with respect to revisiting stipulations, petitioner would fare no better.  *See, e.g.*, *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097-98 (10th Cir. 1991) (permitting stipulations to be withdrawn only to prevent "manifest injustice").  To the contrary, Davila freely admits that the change he seeks would not affect his current sentence, guideline range, or finding of guilt.  Accordingly, his petition–however styled–falls well short of demonstrating that he is in danger of suffering manifest injustice.

　　　　For these reasons, and for good cause, petitioner's motion for reconsideration must be denied.  An appropriate Order will issue.


　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
Alexandria, Virginia　　　　　　　　　　　　T. S. Ellis, III
December 7, 2005　　　　　　　　　　　　　　United States District Judge